

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2003

# Sampson Fire Sales v. Oaks

Precedential or Non-Precedential: Non-Precedential

Docket 02-1584

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Sampson Fire Sales v. Oaks" (2003). *2003 Decisions*. Paper 865.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/865

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-1584
_____


SAMPSON FIRE SALES, INC.;
DENNIS SAMPSON; LOUISE SAMPSON,

                                        Appellants


                    v.


JERRELL OAKS;
NORTH AMERICAN FIRE EQUIPMENT CO.;
NORTH ALABAMA FIRE EQUIPMENT CO.


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 99-cv-01208
Magistrate Judge:  The Honorable Malachy E. Mannion


Submitted Under Third Circuit LAR 34.1(a)
January 10, 2003


Before: SCIRICA, BARRY, and SMITH, Circuit Judges

(Opinion Filed: January 22, 2003)
_____


OPINION
_____


BARRY, Circuit Judge

    This appeal arises out of a lawsuit brought by appellants Dennis and Louise
Sampson seeking damages against Jerrell Oaks and his wholly owned company, appellee
North American Fire Equipment Company ("NAFECO"), for misrepresentation and
breach of an oral contract.  Upon consent of the parties, the case was tried to a jury
before a Magistrate Judge in the United States District Court for the Middle District of
Pennsylvania.  After trial, the jury delivered a verdict against the Sampsons, and
specifically found that Oaks had neither entered into the oral contract alleged, nor had he
been unjustly enriched.  Judgment was entered in accordance with the jury's verdict on
January 25, 2002 and the Sampsons timely filed a notice of appeal.  We have jurisdiction
pursuant to 28 U.S.C.   1291 and will affirm.


                        I.

    In their complaint, Dennis and Louise Sampson alleged that Jerrell Oaks orally
agreed to purchase their Pennsylvania fire equipment business, appellant Sampson Fire
Sales Inc., in exchange for assuming the debts of Sampson Fire Sales and 25% of the
profits that Oaks's company, NAFECO, derived from Sampson Fire Sales Inc.'s territory.
In response, Oaks contended that although he did orally agree to enter into certain
business arrangements with the Sampsons to supply equipment and to hire Dennis
Sampson as a NAFECO employee, he never agreed to purchase Sampson Fire Sales, to
assume its liabilities, or to pay the Sampsons 25% of the profits NAFECO derived from

the Sampsons' territory or customers.

The Sampsons' attorney failed to attend the originally scheduled final pretrial conference. NAFECO's attorney thus moved to dismiss the action for failure to prosecute. As an exhibit to his motion, the attorney attached a faxed letter from the Sampsons' attorney addressed to the Sampsons which had incorrectly been faxed to NAFECO. Once he learned of NAFECO's receipt of his misdirected fax, the Sampsons' attorney cross-moved to sanction NAFECO for intentionally violating the Sampsons' attorney-client privilege by dismissing NAFECO's answer to the Sampsons' complaint. In a Memorandum and Order dated July 5, 2001, the Magistrate Judge denied NAFECO's motion to dismiss for failure to prosecute, and granted the Sampsons' motion to have the misdirected fax sealed and the original returned to the Sampsons. The Magistrate Judge declined, however, to sanction NAFECO for using the misdirected fax or to dismiss its answer.

Trial on the merits of the Sampsons' claims was held in January of 2002. After trial, the jury found against them and in favor of NAFECO. In its answers to the special verdict interrogatories, the jury specifically found that Oaks made certain representations at his meeting with Dennis Sampson in October of 1997. The jury went on to find, however, that the representations did not relate to "material facts," that there was not "an offer, acceptance and consideration to sell Sampson Fire Sales, Inc.," and that no "benefit was conferred on the defendant NAFECO by the plaintiffs." After the jury returned the verdict, the Sampsons moved for reconsideration of their motion for sanctions against NAFECO, arguing that the Magistrate Judge's denial of sanctions was inconsistent with the jury's verdict. The Sampsons also moved to set aside the jury's verdict as what they describe as "irreconcilably inconsistent" and against the weight of the evidence. The Magistrate Judge denied both motions.

## II.

The Sampsons argue on appeal that the Magistrate Judge made three errors warranting reversal: (1) denying the Sampsons' motion to strike NAFECO's answer as a sanction for NAFECO's attorney's breach of the Sampsons' attorney-client privilege and by denying their post-trial motion for reconsideration of that motion; (2) incorrectly submitting the question of whether the parties entered into an oral contract to the jury; and (3) denying the Sampsons' motion to set aside the jury's verdict as irreconcilably inconsistent and as against the weight of the evidence. We address each of these arguments in turn.

As an initial matter, we are unable to discern any error in the Magistrate Judge's denial of the Sampsons' motion for sanctions against NAFECO's attorney for intentionally violating their attorney-client privilege, which we review for abuse of discretion. See Saldana v. Kmart Corp., 260 F.3d 228, 236 (3d Cir. 2001). The Sampsons' argue that the Magistrate Judge's ruling was primarily based upon a factual finding that NAFECO had actually purchased Sampson Fire Sales, and thus was rightfully receiving faxes at the Sampson Fire Sales fax number. They argue that absent this factual finding  inconsistent with the jury's verdict that Oaks did not agree to purchase Sampson Fire Sales Inc.  the Magistrate Judge could not have concluded that NAFECO received the fax from their attorney only by accident. Thus, the argument goes, NAFECO's attorney could not have concluded in good faith that the Sampsons had waived their attorney-client privilege as to that document, and committed an ethics violation by not returning it to their attorney and instead using it as an exhibit.

Although the actions of NAFECO's attorney in relation to the misdirected fax are questionable, the Sampsons' argument mischaracterizes the reasoning behind the Magistrate Judge's thoughtful refusal to impose the draconian sanctions they requested. In his Memorandum and Opinion, the Magistrate Judge found that the Pennsylvania law of inadvertent disclosure was insufficiently developed to allow the certain conclusion that NAFECO's attorney's use of the document was knowingly unethical. Moreover, and most importantly, the Court found that the "drastic sanction" of dismissal of NAFECO's answer was not an appropriate sanction. Instead, the Court ruled that the appropriate remedy was to require the defendant to return the original document to the plaintiffs, destroy all copies of the document, and order the copy of the document used as an exhibit to be filed under seal. While we do not condone NAFECO's attorney's use of a misdirected document that was clearly a direct communication between the Sampsons

and their attorney, we find that the Magistrate Judge did not rely on erroneous conclusions of fact or law and that the remedy imposed was appropriate. Thus, the refusal to impose sanctions was not an abuse of discretion. See Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000). Moreover, because the Magistrate Judge's resolution of the sanctions issue did not hinge upon a factual finding inconsistent with the jury's verdict, his denial of the Sampsons' post-trial motion for reconsideration was likewise not error.

The Sampsons' second argument on appeal  that the jury's answers to the special verdict interrogatories were irreconcilably inconsistent and against the weight of the evidence  is not supported by the record. The Sampsons contend that the jury's affirmative answer to the first interrogatory, which asked if "the defendants made representations at the October 1997 meeting," is logically inconsistent with their negative answer to the second interrogatory, which asked whether "the representations related to material facts." Given the deference accorded to jury verdicts, however, "it is well established that a verdict must be molded consistently with a jury's answers to special interrogatories when there is any view of the case which reconciles the various answers." Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153, 1159 (3d Cir. 1989).

Reviewing the record in this light, it is apparent that the Sampsons' argument depends on the false premise that Jerrell Oaks must have either agreed to purchase Sampson Fire Sales, or made no oral representations at all. Instead, Oaks expressly testified on cross-examination that he made various representations to Dennis Sampson at the October 1997 meeting concerning Dennis Sampson's future employment with NAFECO and NAFECO's ability to supply certain equipment for sale to Sampson's customers, but that he did not, at that meeting or at any other time  agree to purchase Sampson Fire Sales, Inc. or to assume its liabilities. Thus, the jury's answers to the first two interrogatories are completely consistent with the record at trial. Because it was based on record testimony, the jury's verdict was also not against the weight of the evidence, and the Magistrate Judge committed no error in denying the Sampsons' motion to set aside the verdict. See Delli Santi v. CNA Ins. Cos., 88 F.3d 192, 201 (3d Cir. 1996).

Finally, the Sampsons argue that the Magistrate Judge misconstrued Pennsylvania law when he submitted interrogatories to the jury which not only asked them to determine what words were said between Dennis Sampson and Jerrell Oaks, but also asked them to interpret the legal meaning of those words, a task properly the province of a court. Once again, this argument is not supported by the record, the interrogatories, or the jury's responses thereto. The very case cited by the Sampsons in support of this argument makes it clear that, under Pennsylvania law, it is up to the jury to determine the terms of an oral contract and the parties' understanding of those terms. McCormack v. Jermyn, 40 A.2d 477, 479 (Pa. 1945). Thus, "[i]t is axiomatic that the jury's function is to determine from the surrounding facts of the parties' dealings whether an oral contract exists." United Coal & Commodities Co., Inc. v. Hawley Fuel Co., Inc., 525 A.2d 741, 742 (Pa. Super. Ct. 1987). Whether or not a valid oral contract existed between Dennis Sampson and Jerrell Oaks was precisely the question directed to the jury in the special verdict interrogatories and it was well within the jury's role as factfinder to determine that no such contract existed. Accordingly, we can find no error in the interrogatories submitted on the special verdict form.

                                III.

For the foregoing reasons, we conclude that the Magistrate Judge's refusal to impose draconian sanctions on NAFECO was well within his discretion, that the interrogatories submitted to the jury were consistent with Pennsylvania law, and that the jury's answers to those questions were both internally consistent and consistent with the evidence adduced at trial. Accordingly, we will affirm the order of January 23, 2002 and judgment of January 25, 2002.


TO THE CLERK OF THE COURT:
    Kindly file the foregoing Opinion.


                        /s/ Maryanne Trump Barry
                        Circuit Judge